UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————x
:
JENNIFER ROSA,                              :
                          Plaintiff         :
     -against-                              :   COMPLAINT
                                            :   AND JURY DEMAND
                                            :
                                            :   No. 16-CV-936
                                            :
THE CITY OF NEW YORK, and POLICE            :
OFFICER IMAD BEYDOUN                        :
POLICE OFFICER JOHN DOE #1                  :
of the NEW YORK CITY POLICE                 :
DEPARTMENT                                  :
                                            :
                          Defendant(s),     :
——————————————————————x

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICER IMAD BEYDOUN AND POLICE OFFICER JOHN DOE #1 of the New York City Police Department ("NYPD"), arising out of the false arrest and false imprisonment, assault and battery and use of excessive force against JENNIFER ROSA.

2. On or about February 26, 2013, POLICE OFFICER IMAD BEYDOUN and POLICE OFFICER JOHN DOE # 1 of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention, and assault and battery for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and her property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3. The Plaintiff, JENNIFER ROSA, through her attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4. This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Eastern District of New York, particularly Kings County.

## PARTIES

7. Plaintiff at all times relevant hereto resided in the City and State of New York, County of Kings.

8. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9. The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10. That at all times hereinafter mentioned, and on information and belief, the defendant POLICE OFFICER IMAD BEYDOUN and POLICE OFFICER JOHN DOE # 1, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

11. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14. On or about February 26, 2013, at approximately 7 p.m., plaintiff had parked her vehicle in the vicinity of 2815 Mermaid Avenue, Brooklyn, NY. At the

3

time she was with her two daughters, a seven-year-old girl and a twelve-year-old girl.

15. As plaintiff exited a store with her two daughters she observed POLICE OFFICER IMAD BEYDOUN writing her a ticket for parking her vehicle too close to a fire hydrant.

16. When POLICE OFFICER IMAD BEYDOUN initially began to write the parking ticket, one of plaintiff's daughters, who had been sitting in the vehicle, went to the store where plaintiff was with her other daughter to let plaintiff know she was getting a parking ticket.

17. Plaintiff, upset about getting a parking ticket, began to argue with POLICE OFFICER IMAD BEYDOUN.

18. In response POLICE OFFICER BEYDOUN threw plaintiff's license to the ground, yelled at plaintiff and then was joined by his partner POLICE OFFICER JOHN DOE # 1.

19. POLICE OFFICER IMAD BEYDOUN and POLICE OFFICER JOHN DOE #1 then violently pushed plaintiff against a glass window and handcuffed her in front of plaintiff's two young daughters.

20. Plaintiff's request for a female police officer to process her arrest was denied.

21. Plaintiff was then taken to the 61st Precinct and then to Central Booking at 120 Schermerhorn Street, Brooklyn, New York.

22. After being in custody for approximately twenty-four hours, plaintiff was released from Central Booking without ever seeing a judge.

23. At no time was the plaintiff charged with any crime.

24. As result of the excessive force used by POLICE OFFICER IMAD BEYDOUN and POLICE OFFICER JOHN DOE # 1 the plaintiff received bruising to her arms and pain to her back.

25. Following her release from custody plaintiff went to Coney Island Hospital where she received treatment for her injuries.

26. Plaintiff suffered emotional distress, including nightmares, because of her arrest and detention.

27. Because of defendants' conduct, plaintiff was imprisoned, detained, restrained and against her will and was unlawfully deprived of her liberty and property.

28. The arrest of the plaintiff was committed by the defendants without legal process and without probable cause.

29. The plaintiff remained in custody for approximately one day.

30. Defendants acted maliciously and intentionally.

31. As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, loss of liberty and property and physical injury.

### FIRST CLAIM FOR RELIEF
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

32. Paragraphs 1 through 31 are herein incorporated by reference.

33. Defendants POLICE OFFICER IMAD BEYDOUN AND POLICE OFFICER JOHN DOE # 1 subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

34. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

35. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
(MUNICIPAL LIABILTY)

36. Paragraphs 1 through 35 are incorporated herein by reference.

6

37. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

38. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

39. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

40. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

41. Defendants subjected plaintiff to false arrest and false imprisonment.

42. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

  A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

  B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

  C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
(FOURTH AMENDMENT)

  43. Paragraphs 1 through 42 are incorporated herein by reference.

  44. Defendant POLICE OFFICER IMAD BEYDOUN and POLICE OFFICER JOHN DOE # 1 arrested plaintiff subjecting her to false arrest, imprisonment and deprivation of liberty without probable cause.

  45. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to her by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

46. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
(FOURTEENTH AMENDMENT)

47. Paragraphs 1 through 46 are incorporated herein by reference.

48. Defendants POLICE OFFICER IMAD BEYDOUN and POLICE OFFICER JOHN DOE # 1 illegally arrested plaintiff subjecting her to false arrest, imprisonment and deprivation of liberty without probable cause.

49. That as a result of the foregoing, the plaintiff has been deprived of her following rights, privileges and immunities secured to her by the constitution and the laws of the United States: the right to be secure in her person and effects

against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

50. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
(EXCESSIVE FORCE)

51. Paragraph 1 through 50 are herein incorporated by reference.

52. Defendants in beating plaintiff subjected her to excessive force.

53. Defendants deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

54. As a result of the excessive force used against the plaintiff, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars:

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars:

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated:	New York, New York
	February 24, 2016

                        BROMBERG LAW OFFICE, P.C.

                        By:   /s/ Brian L. Bromberg
                              Brian L. Bromberg
                              One of Plaintiff's Attorneys

**Attorneys for Plaintiff**

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, New York 10004
Tel: (212) 248-7906
Fax: (212) 248-7908

Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Tel: (212) 385-1373
Fax: (212) 689-1710